UNITED STATES of America, Plaintiff-Appellee,

v.

Anthony Gene TRAPPIER, Defendant-Appellant.

No. 17-6833

United States Court of Appeals, Fourth Circuit.

Submitted: October 19, 2017

Decided: October 24, 2017

Anthony Gene Trappier, Appellant Pro Se. Robert Frank Daley, Jr., Susan Zalkin Hitt, Assistant United States Attorneys, Columbia, South Carolina; Arthur Bradley Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Gene Trappier appeals the district court's order construing his Fed. R. Civ. P. 60(b) motions for reconsideration of the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion as successive § 2255 motions, and dismissing them on that basis. We have reviewed the record and conclude that the district court correctly determined that Trappier's motions were not "true Rule 60(b)" motions but, in substance, successive § 2255 motions. *See United States v. McRae*, 793 F.3d 392, 397-400 (4th Cir. 2015); *see also Gonzalez v. Crosby*, 545 U.S. 524, 531-32, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005) (explaining how to differentiate between a true Rule 60(b) motion and an unauthorized successive habeas motion). We therefore conclude that Trappier is not required to obtain a certificate of appealability to appeal the district court's order. *See McRae*, 793 F.3d at 400. We nonetheless conclude that the district court correctly determined that, in the absence of prefiling authorization, it lacked jurisdiction to consider the successive § 2255 motions. *See* 28 U.S.C. § 2244(b)(3) (2012). Accordingly, we affirm the district court's judgment.

Additionally, we construe Trappier's notice of appeal and informal brief as an application to file a second or successive § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either:

(1) newly discovered evidence that ... would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Trappier's claims do not satisfy either of these criteria. We therefore deny authorization to file a successive § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*